# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>RAMON NUNEZ,<br><br>      Defendant. | Case No. 3:16-CR-30136-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Defendant Ramon Nunez has filed a second motion for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (Doc. 220). Mr. Nunez is serving a 240-month sentence for his participation in a drug conspiracy in which he also conspired to transfer a firearm to an illegal alien. (Docs. 6, 146). He argues that his age-related medical concerns, rehabilitation, and eligibility under the First Step Act constitute extraordinary and compelling circumstances justifying his release. (Doc. 220). The Government filed a response in opposition. (Doc. 222). After considering the parties' briefs and exhibits, the Court denies Mr. Nunez's motion.

### BACKGROUND

In 2018, Mr. Nunez pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and knowingly transferring a firearm to an illegal alien in violation of 18 U.S.C. § 922(d)(5)(A). Law enforcement had identified Nunez as the leader of a drug trafficking organization that distributed drugs and firearms across the country from a base in California

using semi-trucks with trap compartments. (Doc. 146 pp. 7-8). Before sentencing, the Probation Department calculated his advisory Guideline range to be 324-405 months of imprisonment. (*Id.* at p. 13; Doc. 191 p. 14). On September 25, 2018, the undersigned sentenced Mr. Nunez to a below-guidelines term of 240-months imprisonment, with a five-year term of supervised release to follow. (Doc. 181).

On May 5, 2022, Mr. Nunez moved for a reduction in sentence, citing the combination of certain medical conditions and the exigencies of the COVID-19 pandemic. (Doc. 201). In denying the motion, the Court observed that Mr. Nunez had been fully vaccinated against COVID-19 and that his medical conditions did not rise to the level of extraordinary and compelling reasons for release. (Doc. 211). The Court also held that the factors set out in 18 U.S.C. § 3553(a) weighed against release:

> The undersigned already noted that "a significant period of incarceration is called for here in light of the amount of drugs and the extensive and sophisticated nature of the conspiracy." (Doc. 191, p. 36). Further, Nunez has not even served half of his 240-month sentence. (Doc. 204, p. 16). Reducing his sentence would fail to reflect the seriousness of his crime, promote respect for the law, or provide just punishment for the offense. The Court also fears his short incarceration would be insufficient to deter Nunez from future criminal conduct or to protect the public from further crimes. Simply put, after considering the § 3553(a) factors, Nunez's request for compassionate release must be denied.

(*Id.* at p. 3).

Mr. Nunez, who is now 69 years old, presently resides at FCI Oakdale II in Louisiana and is scheduled to be released from BOP custody on December 3, 2032. *See* BOP Inmate Lookup, https://www.bop.gov/inmateloc/ (last visited Feb. 12, 2026). He filed a request for compassionate release with the warden of his prison on February 3, 2025. (Doc. 220 p. 6). He then filed the present motion in this Court on April 7, 2025. (*Id.*).

## DISCUSSION

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). One exception allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). A federal prisoner may bring a motion for compassionate release after exhausting the administrative remedies provided by the BOP. *Id.* Mr. Nunez appears to have exhausted his administrative remedies (Doc. 220 p. 6), and the Government does not raise exhaustion as a defense. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (explaining that exhaustion is "an affirmative defense, not a jurisdictional prerequisite, so the government will lose the benefit of the defense if it fails to properly invoke it.").

The Seventh Circuit has described a two-step process for evaluating a prisoner's motion for compassionate release. First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.* The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Black*, 131 F.4th 542, 544 (7th Cir. 2025) (quoting 18 § 3582(c)(1)(A)).

Mr. Nunez first argues that his medical circumstances constitute extraordinary and compelling reasons for release. His motion does not specify what those conditions are, but he does refer to "age related health decline." (Doc. 220). The Government helpfully attached to its response Mr. Nunez's recent medical records from his time in BOP custody. The records

indicate that Mr. Nunez suffers from angina pectoris, hypertension, and prediabetes. (Doc. 2221 p. 5). In June 2024, he reported to health services with a complaint of chest pain that "felt like dying." (Doc. 222-2 p 9). The BOP provider diagnosed him with angina pectoris and prescribed Isosorbide mononitrate to manage the condition. (*Id.* at p. 12). The medical records do not include more recent complaints regarding that condition and generally show that Mr. Nunez receives care as needed in the BOP.

Three of the U.S. Sentencing Commission's policy statements potentially are relevant to Mr. Nunez's medical circumstances. First, section 1B1.13(b)(1)(B) provides that a defendant's serious medical or functional impairments can be an extraordinary and compelling circumstance warranting a sentence modification. A defendant must show that he is either "(i) suffering from a serious physical or medical condition," "(ii) suffering from a serious functional or cognitive impairment," or is "(iii) experiencing deteriorating physical or mental health because of the aging process" and that at least one of these conditions "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and . . . he . . . is not expected to recover." *Ibid.*

Second, section 1B1.13(b)(1)(C) permits a finding of extraordinary and compelling circumstances where a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Ibid.* Finally, section 1B1.13(b)(2) states that extraordinary and compelling reasons for release exist if a defendant is over age 65, "is experiencing a serious deterioration in physical or mental health because of the aging process," and has served at least ten years or 75 percent of their prison term, whichever is less.

Section 1B1.13(b)(1)(B) is not applicable here because there is no evidence that any of Mr. Nunez's medical conditions are affecting his ability to care for himself in prison. Section 1B1.13(b)(1)(C) likewise is inapplicable because the BOP appears to be providing adequate medical care for Mr. Nunez's health conditions. And Mr. Nunez does not qualify under section 1B1.13(b)(2). Although he is more than 65 years of age, it is not clear that he is experiencing a *serious* deterioration in health, and he has not yet served ten years or 75 percent of his prison term.

Mr. Nunez also cites his First Step Act eligibility as a reason for release. It is not entirely clear what he means. Certainly, he is eligible to seek a reduction in sentence under the First Step Act of 2018. *See* 18 U.S.C. § 3582(c)(1)(A). The Government construes Mr. Nunez's statement as an argument that a non-retroactive change in law might warrant a reduction in his sentence. It observes that the Seventh Circuit's decision in *Thacker* generally forecloses such arguments. *See* 4 F.4th at 574. Regardless, Mr. Nunez's unadorned statement regarding First Step Act eligibility is too vague to be an extraordinary and compelling reason for release.

That leaves Mr. Nunez's argument regarding his rehabilitation. He writes that he has served approximately half of his sentence, has demonstrated exemplary conduct in prison, and is completing rehabilitative programming and ESL coursework. He also describes a plan to reside with his children in California upon his release. The Court commends Mr. Nunez for his progress while in prison. However, these reasons do not rise to the level of extraordinary and compelling circumstances. To start, rehabilitation alone is not sufficient to warrant release. *See* 28 U.S.C. § 994(t). Although the Sentencing Commission has stated that a defendant's rehabilitation may be considered in combination with circumstances, U.S.S.G.

§ 1B1.13(d), no other extraordinary circumstances are apparent on this record.

Because Mr. Nunez has failed to demonstrate that extraordinary and compelling reasons support a reduction in his sentence, the Court need not consider whether the § 3553(a) factors weigh in favor of release. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Nevertheless, the Court incorporates by reference its previous discussion of those factors when ruling on Mr. Nunez's earlier motion. (Doc. 211, p. 3). His two-and-a-half years of additional incarceration since that time do not materially alter the prior analysis. Mr. Nunez's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) therefore will be denied.

## CONCLUSION

Accordingly, the Motion for Compassionate Release filed by Defendant Ramon Nunez (Doc. 220) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 12, 2026

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**